IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

MELINDA SCOTT,                    )
                                  )
            Plaintiff,            )        Case No. 2:17CV00050
                                  )
v.                                )        **OPINION**
                                  )
JUDITH M. LYALL, ET AL.,          )        By:  James P. Jones
                                  )        United States District Judge
            Defendants.           )

*Melinda Scott, Pro Se Plaintiff.*

The plaintiff, proceeding pro se, has filed this action alleging civil rights violations.  For the reasons that follow, I will dismiss the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief may be granted.

I.

The plaintiff, Melinda Scott, filed this action claiming that her constitutional rights were violated by Virginia court officials when she was not allowed an appeal because of her financial inability to give an appeal bond. Scott previously filed a motion seeking leave to proceed in this case in forma pauperis pursuant to 28 U.S.C. § 1915(a).  On the basis of the information set forth in Scott's affidavit, I granted that motion.  Because Scott filed her Complaint in forma pauperis, I will address it sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  *See Cochran v.*

*Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (stating that sua sponte dismissals are "freely permitted" under § 1915) (citing *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A district court shall dismiss a case filed in forma pauperis at any time if the court determines that the action is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *see Michau v. Charleston Cty.*, 434 F.3d 725, 728 (4th Cir. 2006). This statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A pro se complaint must be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, even under this less stringent standard, the pro se complaint is subject to sua sponte dismissal when it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Dismissal is proper only when the court accepts as true the substance of a plaintiff's allegations.

II.

According to her Complaint, Scott filed a pro se suit against her landlord for breach of contract in the General District Court for Buchanan County, Virginia. She was late arriving in court and missed the scheduled bench trial. In her absence, the state judge ruled against her and awarded the opposing party

attorneys' fees of $750. Scott's Complaint alleges that she was improperly denied the ability to appeal this judgment against her without giving an appeal bond, in violation of Virginia Code Ann. § 16.1-107 (2017 Supp.). This state statute provides that no appeal from a general district court to the local circuit court shall be allowed unless a bond with sufficient surety is given in the amount of the judgment. However, the statute also provides that "[n]o indigent person shall be required to post an appeal bond." *Id.*; *see also* Va. Code Ann. § 8.01-676.1(N) (2017 Supp.) (providing that "[n]o person who is an indigent shall be required to post security for an appeal bond").

In her Complaint, Scott states that when she requested to appeal as an indigent person, she was told that although she qualified for a waiver of any appeal fees, she nevertheless had to give an appeal bond to cover the $750 judgment against her. She seeks an injunction "against the clerks and Judges of the Buchanan County General District Court to grant me an appeal to their Circuit Court without paying an appeal bond of any kind." Compl. 6, ECF No. 1.

While Scott sues all of the several clerks and judges of the two courts involved, she fails to identify the actual individuals who she claims violated her constitutional rights. She identifies two "clerks" and a "judge" in her Complaint, but cannot provide the names of those individuals. I previously directed Scott to file a written statement setting forth, among other things, the individuals who told

-3-

her she was required to give an appeal bond as a condition of an appeal. Scott filed

a written response, but still failed to identify the officials who told her she must

give an appeal bond. While she gives some excuses why she doesn't have this

information, I find that the names of public officials with whom she had contact

could have been obtained with further effort on her part. She cannot expect this

court to fill in the essential information for her case.

III.

For the foregoing reasons, I will dismiss the Complaint for failure to state a

claim.[1]

ECF
DOCUMENT
I hereby attest and certify that this is a printed copy of
a document that was electronically filed with the
United States District Court for the Western District
of Virginia.
Date Filed: 1/8/2018
Julie C. Dudley, Clerk of Court
By: _____
Deputy Clerk

DATED:   January 8, 2018

/s/ James P. Jones
United States District Judge

---

[1]    Because Scott was given an opportunity to correct the deficiencies in her
Complaint, I will dismiss her case with prejudice. *See Grandison v. Va. Dep't of Corr.*,
No. 94-6254, 1994 WL 202485, at *1 (4th Cir. May 24, 1994) (unpublished). In any
event, there are other issues with her case. Pursuant to the *Rooker-Feldman* doctrine,
lower federal courts do not have the power to review state-court decisions. *D.C. Court of
Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S.
413, 415-16 (1923). This doctrine precludes jurisdiction over cases "brought by state-
court losers complaining of injuries caused by state-court judgments rendered before the
district court proceedings commenced and inviting district court review and rejection of
those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284
(2005). Scott could have filed a mandamus action in the state circuit court seeking an
order directing that her appeal be permitted. *See Elyazidi v. Barr*, No. CL-2015-769,
2015 WL 12591211 (Va. Cir. Ct. Aug 6, 2015) (considering petition for writ of
mandamus seeking to review action of general district court denying request to waive
appeal bond on indigency grounds).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | | |
|---|---|---|
| Melinda L. Scott, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:17-cv-00050 |
| | ) | |
| Judith M. Lyall, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S WRITTEN STATEMENT

The Plaintiff, Melinda Scott, in response to the Honorable Judge Jones' order dated December 12, 2017 submits this written statement under oath. Because the Plaintiff participates in the Virginia ACP program she did not receive the Order dated December 12, 2017 until December 21, 2017. Incoming mail for the Plaintiff is routed to Richmond and then to her residence, causing a time delay. The Plaintiff put this written statement in the mail on December 22, 2017.

Judge Jones' requested that the Plaintiff answer to the following:

1.  Who told the Plaintiff she was required to pay the Appeal Bond:

On October 23, 2017 the Plaintiff went to the General District Clerk's office to appeal to the Circuit Court (within the Buchanan County Courthouse). The Plaintiff first went to the Circuit Court Clerk's office to Appeal but then was told by the Clerk behind the desk that she had to go to the General District Clerks to file for an Appeal.

At the General District Court's counter she asked for a copy of the Judge's ruling and was given a copy of the Warrant in Debt she filed with notations from the Judge at the bottom of it. The Judge wrote in pen that pursuant to Va Code §8.01-271.1 the Plaintiff will pay attorney's fees of $750 for a "frivolous lawsuit". The Judges' name was undecipherable by the signature. The Judge's name did not appear on the copy given to the Plaintiff. At this time, the Plaintiff did not think to ask his name because she wanted to Appeal the decision.

The Clerks in the General District office did not have name placards hanging nor did they wear name tags. The Plaintiff did not yet think to ask their names because she was focused on filing for an Appeal. The Clerks that the Plaintiff spoke with were two females between the ages of 35 and 55. One was brunette and the other blonde. The Plaintiff can recognize their faces but does not know their names. The other Clerks that

were involved were the Circuit Court Clerks. The Clerks in the General District Court stated that she should wait in their waiting area and that they would walk the Plaintiff's petition to proceed *in forma pauperis* to the Circuit Court. The Plaintiff was not told that she could speak with the Circuit Court Judges or Clerks directly.

One of the clerks from the General District Court came back and told the Plaintiff that the Judge in the Circuit Court granted her petition to proceed *in forma pauperis* and waive the $100+ appeal fee, but that she had to pay the Appeal Bond, pursuant to the General District Court Judge's Order. Another Clerk then came up to assist as well. The Clerks stood shoulder to shoulder together. One stated the Appeal Bond would be $750.00 but that if she won the Appeal the Bond would be returned to her. The Plaintiff protested to the Clerks that she did not have that kind of money. One of the clerks responded that she had thirty (30) days to come up with the money. The Plaintiff responded that she could not come up with that sum of money within thirty (30) days. The Plaintiff then requested to speak with the Judge directly regarding the Appeal Bond.

The Plaintiff was told by one of the clerks to sit in the General District Courtroom and wait. She was then called up to the Judges' bench. The Judge, whose name the Plaintiff does not know, stated that he had made his ruling and that it was final. He also stated that the Plaintiff would have to post an Appeal Bond of Attorney's fees. The Plaintiff stated in reply a question: "How can someone pay that if they are proceeding *in forma pauperis?*" The Judge did not reply but stared at the Plaintiff in silence. Afterward, the Plaintiff spoke up again and stated "this is not a frivolous lawsuit". After the Plaintiff spoke the last statement, a Bailiff came up to the left side of the Plaintiff's shoulder and said "ok, it's time to leave". The Plaintiff turned around immediately and left the Courthouse. During this exchange the Judge acknowledged being the one who did the ruling but the Plaintiff did not ask his name. It was a male Judge between the ages of 35 and 55. The Plaintiff could recognize his photo if she had access to photos of the Judges. His signature is on the ruling but his name would have to be deciphered by someone who could recognize his signature. A copy of his ruling has been included with this Written Statement. The Plaintiff was intimidated by the Bailiff's conduct and she did not think to collect names at that time. She wanted to leave the Courthouse as soon as possible. There were a lot of hands in the pot giving the Plaintiff answers. The Plaintiff was upset and she did not have time to reflect on the situation immediately. She didn't immediately think to file for an injunction and therefore, did not turn around to collect names at the Courthouse.

One additional person was also responsible for telling the Plaintiff she had to pay an Appeal Bond. The Attorney for the Defendant sent the Plaintiff a letter dated November 16, 2017 which stated that "the Appeal Bond would have been $998.45". A copy of the letter is attached with this Written Statement. The Attorney also stated in the letter that "according to the records in the Buchanan County General District Court the matter is now closed" because "you failed to perfect your appeal, within 10 days". Oddly enough, Virginia Code §16.1-107 states that "*Such bond shall be posted within 30 days from the date of judgment, except for an appeal from the judgment of a general district court on an unlawful detainer pursuant to §8.01-129*" (emphasis added). The date of judgment for the hearing was October 23, 2017 and the matter was not regarding an unlawful detainer. Although the Defendant's attorney stated a different amount than the Clerks, thirty (30) days had not yet lapsed as of November 16, 2017. Yet the Defendant's

attorney was telling the Plaintiff that she would have had to pay the Appeal Bond within ten (10) days or else forfeit her rights to an Appeal, according to the records of the Buchanan County General District Court.

   2.   The reason given for why she would have to pay the attorney's fees:

   The reason stated to the Plaintiff by the Clerks she spoke with in the General District Court was that it was the Judge's ruling. The General District Judge stated the same: that it was his ruling and that it was final.

   3.   What she did in response:

   While standing at the Clerks' window, the Plaintiff protested to the Clerks that she did not have enough money to pay the $750 Appeal Bond. The Clerks responded that she had thirty (30) days to come up with the money. The Plaintiff responded that she could not come up with that sum of money within thirty (30) days. The Plaintiff then requested to speak with the Judge directly regarding the Appeal Bond.
   The Plaintiff was told to then sit in the Courtroom and wait. She was called up to the Judges' bench within about five (5) minutes. The Judge stated that he had made his ruling and if the Plaintiff wanted to appeal she would have to pay the attorney's fees of $750.00. The Plaintiff stated in reply a question to the Judge: "How can someone pay that if they are proceeding *in forma pauperis?*" The Judge did not reply but stared at the Plaintiff in silence. Knowing that the Judge had ruled for an award of attorney's fees to the Defendant because of his notations stating that it was ruled upon pursuant to Va Code §8.01-271.1, the Plaintiff spoke up again and stated "this is not a frivolous lawsuit". After the Plaintiff spoke the last statement, a Bailiff came up to the left side of the Plaintiff's shoulder and said "ok, it's time to leave". The Plaintiff turned around immediately and left the Courthouse. After reflecting on the situation for a few days, the Plaintiff then filed for an injunction through the Western District Court of Virginia.

_____
Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87
Richmond, Virginia 23218
540-692-2342
mscottw@gmu.edu

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **MELINDA SCOTT,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. _____ |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **JUDITH M. LYALL, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

The plaintiff, Melinda Scott, has filed an application to proceed without prepaying fees or costs. The plaintiff's application is hereby GRANTED.

Scott has filed a Complaint alleging that the defendants improperly denied her the ability to appeal a Virginia general district court judgment against her without posting an appeal bond. In the Complaint, Scott states that when she requested to appeal in forma pauperis, she was told that although she qualified for a waiver of the appeal fees, she nevertheless had to pay an appeal bond for the attorney's fees judgment imposed against her. However, Scott does not explain who told her this, the reason given for why she would have to pay the attorney's fees, or what, if anything, she did in response to this. Accordingly, Scott must file with the court a written statement within 14 days of this date setting forth all of

these facts in detail.  Otherwise, her Complaint will be dismissed without further

notice.

It is so **ORDERED**.

ENTER:  December 12, 2017

/s/  James P. Jones
United States District Judge

**ECF**
**DOCUMENT**
I hereby attest and certify that this is a printed copy
a document that was electronically filed with the
United States District Court for the Western District
of Virginia.
Date Filed 12-18-17

By: _____   Julia C. Dudley, Clerk of Cou
Deputy Clerk